Cukia, per
Johnson, J.
The jurisdiction in the cases of mortgage is so clearly of equitable cognizance, that none will be disposed to question it. Indeed, its antiquity is of such remote date, that the most learned have not been able to trace it to its origin; and must, from necessity, have existed from the time that redemption, and consequently the right to foreclose the equity of redemption, was first allowed; nor has the power of the Court over the subject generally been questioned in the arguments' urged in opposition to this motion. But it has been contended, that the questions, “Whether the defendant’s intestate had or had not broken his covenant with the complainant, and whether he had sustained any, and what amount of, damages, are matters only cognizable in a Court of Law: and that these matters ought first to be disposed of in that tribunal, before the complainant is entitled to come into a Court of Equity for relief.
A numerous class of cases, which belong to the Equity jurisdiction, are those where the party, on account of the organization or defects in the process of the Courts of Law, cannot obtain a complete and adequate remedy in that Court; and on this principle alone Equity would retain this cause; because, although a Court of Law might be competent to try the questions of fact,'involved as they are, it is, except in a particular instance, provided for by statute, incompetent to foreclose the equity of redemption, so that the remedy would be incomplete.
If we divest the Courts of Equity of jurisdiction in all cases where it becomes necessary to decide on facts, there would be none left for them to determine; for it is a rare case in which they are not involved in some shape or other. It is clear, therefore, that when the Court *226 has jurisdiction over the subject, it must of necessity decide facts that are incident to it,.or direct an issue at law when they are so doubtful and complicated as to render that mode necessary. And the case of Jacomb v. Harwood, 2 Ves. Sen. 268, is referred to as directly applicable to this case. There are, however, cases in which the jurisdiction of the Court arises out of an incident : as for example, where a discovery is the foundation of the bill as an incident to some other matter: and then it would be necessary, as preliminary to the question of jurisdiction, to pronounce first on the incident. And the misapplication of this principle has probably laid the foundation of the arguments opposed to this motion. I have looked into this case with some attention, with a view to discover some circumstance, if any existed, which would distinguish it from an ordinary mortgage to. secure the payment of money, but I have not been able to detect the slightest. In the case of the money mortgage, over which all agree the Court has jurisdiction, the allegation of the complainant is, that the defendant has broken his covenant by the nonpayment of the money. And hence may arise all the questions of fact incident to the execution of the bond, the legality of the consideration, the extent of credits, and all the multifarious matters growing out of such a contract. In the case under consideration, the allegation, as in the former, is, that the defendant’s intestate has broken his covenant, which the answer controverts. And there can be no reason why the Court is not competent to try that question, or to direct an issue at law, as in the case supposed. The motion is therefore granted, and the case is ordered back to the Circuit Court for trial.
Leave will be granted in the Court of Appeals to amend if it is there found necessary.
The objection urged in the answer, that Samuel Rodgers was not made a party,- is without foundation. The complainant exhibits no cause of complaint against him, *227 and, so far as appears to the Court, he has suffered no wrong. There can then be no ground for involving him in a litigation when there exists no legal necessity, and from which no fruits could be derived. If, however, the land has been sold, as stated by the answer, and the purchaser is in possession, it would per- • 1 * 1 naps be advisable to make him a party, as he will not otherwise be concluded by the decree of the Court: and the complainant has leave to amend his bill, so as - make him a party, if a state of facts does in truth exista which renders it necessary.
A ^ t0 fore. cl°se ^ort-gaged lands will not con-chase^ofsuch "'ho , was not made, party to the foreclosure.

Decree reversed..